Shiel Patel, *et al.*
*Individuals Pro Se*
1203 River Road, Unit 19K
Edgewater, NJ 07020

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 AUG 30   A 10: 05

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIEL PATEL, KEVIN ROSALES GARCES, MARTHA CAMPOS, BROOKE CASTILLO, KARINA L. GARCES, GRISEL ROMERO, JESSICA RAMIREZ, SAM MCGEE, NESTOR SANTIAGO, LUIS ROEDER, JAIRO PAREDES, ANGELO LOPEZ, SANDEEP RATHI, MOISES PAYRET, CHRISTOPHER ZORRILLA and DENNIS CASTILLO, <br><br> Plaintiffs, <br><br> v. <br><br> GARCORP INTERNATIONAL, INC. and AGUSTIN GARCIA, <br><br> Defendants. | Civil Action No. <br><br><br><br><br> **COMPLAINT** <br><br> (electronically filed) |

Plaintiffs, SHIEL PATEL, KEVIN ROSALES GARCES, MARTHA CAMPOS, BROOKE CASTILLO, KARINA L. GARCES, GRISEL ROMERO, JESSICA RAMIREZ, SAM MCGEE, NESTOR SANTIAGO, LUIS ROEDER, JAIRO PAREDES, ANGELO LOPEZ, SANDEEP RATHI, MOISES PAYRET, CHRISTOPHER ZORRILLA and DENNIS CASTILLO, (collectively "Plaintiffs") individuals residing in New Jersey, by way of their Complaint against Defendants GARCORP INTERNATIONAL, INC. with its principal place of business at 2125 Southwest 23rd Terrace, Miami Florida 33145 and AGUSTIN GARCIA, an individual who resides in Miami, Florida, allege as follows:

## THE PARTIES

1.      Plaintiff Shiel Patel is an individual residing at 1203 River Rd, Unit 19K, Edgewater, New Jersey.

2.      Plaintiff Kevin Rosales Garces is an individual residing at 1642 Earl Street, Union, New Jersey.

3.      Plaintiff Martha Campos is an individual residing at 1059 Overlook Terrace, Union, New Jersey.

4.      Plaintiff Brooke Castillo is an individual residing at 141 Chestnut Street, Emerson, New Jersey.

5.      Plaintiff Karina L. Garces is an individual residing at 1642 Earl Street, Union, New Jersey.

6.      Plaintiff Jessica Ramirez is an individual residing at 20 Newport Pkwy., Unit 2112, Jersey City, New Jersey.

7.      Plaintiff Sam McGee is an individual residing at 61 Thomas Street, Metuchen, New Jersey.

8.      Plaintiff Nestor Santiago is an individual residing at 15 Onyx Court, Passaic, New Jersey.

9.      Plaintiff Luis Roeder is an individual residing at 3011 Gates Court, Morris Plains, New Jersey.

10.     Plaintiff Jairo Paredes is an individual residing at 404 77th Street, North Bergen, New Jersey.

11.     Plaintiff Angelo Lopez is an individual residing at 320 Monroe Street, Apartment 5, Hoboken, New Jersey.

12.     Plaintiff Sandeep Rathi is an individual residing at 8 Huxley Court, Marlboro, New Jersey.

13.     Plaintiff Kevin Rosales Garces is an individual residing at 1642 Earl Street, Union, New Jersey.

14.     Plaintiff Moises Payret is an individual residing at 7 Bares Court, Little Ferry, New Jersey.

15.     Plaintiff Christopher Zorrilla is an individual residing at 110 Maple Avenue, Closter, New Jersey.

16.     Plaintiff Dennis Castillo is an individual residing at 141 Chestnut Street, Emerson, New Jersey.

17.     Plaintiffs are referred to collectively as "Plaintiffs."

18.     Upon information and belief, Defendant Garcorp International, Inc. is a corporation existing under the laws of Florida, having a principal place of business at 2125 Southwest 23rd Terrace, Miami, Florida 33145 (hereinafter "Garcorp.).

19.     Upon information and belief, Defendant, Agustin Garcia is an individual residing at 11700 SW 69th Avenue, Miami, Florida 33156 (hereinafter "Agustin").

20.     At times relevant herein, Garcorp and Agustin engaged in the consulting business and were contracted to provide Plaintiffs with services related to the cannabis industry in New Jersey.

**THE ACTION**

21.     This is an action for damages for Defendants' breach of contract and in the alternative for Defendants' breach of settlement agreements.

22.     Plaintiffs further allege that Agustin is the alter ego of Garcorp and therefore personally liable for the damages sustained by Plaintiffs.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over the claims in this action under 28 U.S.C. §1332 in that the all Plaintiffs and all Defendants are citizens of diverse states and the aggregate claim in this matter exceeds $75,000.00.

24.     This Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. §1965.

25.     Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. §1391(b)(c).

## GENERAL ALLEGATIONS

### The Parties' Relationship

26.     In or about February 2018, Plaintiffs contracted with Defendants for consulting services.

27.     The agreement required that Defendants provide Plaintiffs with the following services:

(1)     Review and analysis of potential New Jersey legislation on Cannabis for medical and possible recreational use at a future date.

(2)     Potential acquisition of a medical dispensing licensing and/or permit.

(3)     Site reviews and inspection.

(4)     Discussion with individual presently holding license.

(5)     Initial meetings with potential law firms involved in the industry.

(6)     Setup of potential entity for cannabis business in New Jersey.

(7)     Review and analysis of potential Federal action in Cannabis industry.

(8)     Review and acquisition of and review of required consultants.

(9)     Development of a Professional Business Plan to acquire major investor for Cannabis Project Development.

4

(10)    Meetings with decision makers and community activist.

(11)    Retention of legal team.

(12)    Planification of structure of Cannibas entity structure.

(13)    Background check of Associates.

(14)    Search, verification and negotiations with major project investor.

28.    Defendants represented that they had the expertise to perform the above services.

29.    The project was divided into two different groups for which Defendants were to provide services.

30.    Plaintiffs McGee, Santiago, Roeder, Paredes, Lopez, Rathi, Garces, Payret, Zorrilla and Castillo comprised the Cultivation Group.

31.    Plaintiffs Ramirez, Romero, Karina Garces, Castillo, Campos, Kevin Garces and Patel comprised the Dispensary Group.

32.    Plaintiffs collectively paid Defendants $155,489.49 for the consulting services.

33.    The purpose of the consulting agreement was for Defendants to assist Plaintiffs in obtaining licenses for: (1) a Cannabis Dispensary; and (2) a Cultivation operation.

34.    Defendants did not deliver on its agreement and Plaintiffs did not obtain the licenses.

35.    In or about the Spring of 2020, Defendants agreed that they were unable to provide the services and agreed to refund the Plaintiffs' money.

36.    To date, Defendants have not refunded monies to the Plaintiffs.

## FIRST COUNT
### (Breach of Contract)

37.    Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs as if fully set forth herein.

38.    Plaintiffs and Defendants were parties to a Consulting Agreement dated February 2018.

39.     Plaintiffs worked in good faith with Defendants and satisfied all reasonable obligations placed upon them by the Consulting Agreement.

40.     Defendants have breached the express and implied terms of the Consulting Agreement by failing to assist Plaintiffs in obtaining the Dispensary and Cultivation licenses.

41.     Defendants' breaches of contract have directly caused Plaintiffs damages in the amount of $155,489.49.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a) Awarding Plaintiffs all damages arising from Defendants' breaches of contract, along with prejudgment and postjudgment interest thereon as follows:

| | |
|---|---|
| SHIEL PATEL | $9,920.50 |
| KEVIN ROSALES GARCES | $18,825.02 |
| MARTHA CAMPOS | $11,943.75 |
| BROOKE CASTILLO | $11,887.50 |
| KARINA L. GARCES | $15,331.25 |
| GRISEL ROMERO | $5,943.75 |
| JESSICA RAMIREZ | $5,943.75 |
| SAM MCGEE | $6,881.27 |
| NESTOR SANTIAGO | $6,881.27 |
| LUIS ROEDER | $6,881.27 |
| JAIRO PAREDES | $13,762.53 |
| ANGELO LOPEZ | $6,881.27 |
| SANDEEP RATHI | $6,881.27 |

| MOISES PAYRET | $6,881.27 |
| CHRISTOPHER ZORRILLA | $6,881.27 |
| DENNIS CASTILLO | $13,762.53 |

b) Awarding attorney's fees and cost of suit; and

c) Awarding such other, further and additional relief to Plaintiffs as this Court deems just and proper.

## SECOND COUNT
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

42.     Plaintiffs repeat and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

43.     Implied in the Consulting Agreement between Plaintiffs and Defendants are the obligations to act in good faith and to deal fairly.

44.     Plaintiffs have complied in good faith with all reasonable obligations placed upon them under the agreement.

45.     Defendants have failed to act in good faith and have dealt with Plaintiffs unfairly.

46.     By these unlawful and injurious acts against Plaintiffs, Defendants have breached their implied duties of good faith and fair dealing.

47.     Defendants' breaches of their implied duty of good faith and fair dealing have caused Plaintiffs harm for which Defendants are liable to Plaintiffs in damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a) Awarding Plaintiffs all damages arising from Defendants' breach of the implied covenant of good faith and fair dealing, along with prejudgment and post judgment interest thereon;

b) Awarding Plaintiffs punitive damages;

c) Awarding attorney's fees and cost of suit; and

d) Awarding such other, further and additional relief to Plaintiffs as this Court deems just and proper.

## THIRD COUNT
### (Alternative Breach of Contract)

48.     Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs as if fully set forth herein.

49.     Subsequent to Defendants acknowledgement that it was not able to meet its obligations under the Consulting Agreement, Defendants offered to resolve Plaintiffs claims by refunding monies paid.

50.     Defendants have failed to refund the monies.

51.     Defendants' failure to refund the monies paid by Plaintiffs pursuant to the Consulting Agreement has caused Plaintiffs economic damages.

52.     As a result of Defendants' breach, Plaintiffs have suffered actual damages which were caused by Defendants' breach.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a) Awarding Plaintiffs all damages arising from Defendants' breach of their agreement to refund monies to Plaintiffs.

b) Awarding attorney's fees and cost of suit; and

c) Awarding such other, further and additional relief to Plaintiffs as this Court deems just and proper.

## FOURTH COUNT
### (Alter Ego)

53.     Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs as if fully set forth herein.

54.     Agustin is the President and owner of Defendant Garcorp.

55.     Agustin and Garcorp have a unity of ownership because, upon information and belief, Agustin is the sole shareholder and president, and Agustin on behalf of Garcorp executed the Consulting Agreement.

56.     Agustin and Garcorp have no separate existence.

57.     Agustin disregards the corporate entity and has made it into a mere instrumentality for his own affairs.

58.     Upholding Garcorp's corporate veil would promote injustice.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a) Awarding Plaintiffs all damages arising from Defendants' breach of their agreement to refund monies to Plaintiffs.

b) Awarding attorney's fees and cost of suit; and

c) Awarding such other, further and additional relief to Plaintiffs as this Court deems just and proper.

## FIFTH COUNT
### (Conversion – Alternative Allegations)

59.      Plaintiffs repeat and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

60.      Plaintiffs had rightful title to the funds that Defendants converted.

61.      Defendants exercised unauthorized dominion and control over Plaintiffs' funds.

62.      Defendants had no legal or equitable rights to Plaintiffs' funds.

63.      By virtue of the foregoing, Defendants exercised acts of unauthorized dominion over Plaintiffs' monies thereby greatly damaging and injuring Plaintiff.

64.      As a direct and proximate result of the aforesaid conduct, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

    a)  Awarding Plaintiff all damages arising from Defendants' breach of their agreement to refund monies to Plaintiffs.

    b)  Awarding attorney's fees and cost of suit; and

    c)  Awarding such other, further and additional relief to Plaintiffs as this Court deems just and proper.

Respectfully submitted,

_____
SHIEL PATEL

_____
MARTHA CAMPOS

_____
KARINA L. GARCES

_____
KEVIN ROSALES GARCES

_____
BROOKE CASTILLO

_____
GRISEL ROMERO

10

JESSICA RAMIREZ

NESTOR SANTIAGO

JAIRO PAREDES

SANDEEP RATHI

CHRISTOPHER ZORRILLA

SAM MCGEE

LUIS ROEDER

ANGELO LOPEZ

MOISES PAYRET

DENNIS CASTILLO

DATED:
6494000

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2021 AUG 30 A 10: 07